UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, | No. 2:14-cv-412-KJM-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BANK OF AMERICA; BANK OF NEW YORK MELLON, fka THE BANK OF NEW YORK; SPECIALIZED LOAN SERVICING, LLC; STRUCTURED ASSET MORTGAGE INVESTMENT TRUST II, Trust 2006-AR8, aka 5209 SAMI 2006-AR8-BAC; MORTGAGE ELECTRONIC REGISTRATION, INC., | |
| Defendants. | |

This matter was before the court for hearing on defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 7, 15. Attorney Monique Jewett-Brewster appeared on behalf of defendant Bank of America, N.A. ("BANA"), and attorney Lukasz Wozniak appeared on behalf of defendants Bank of New York Mellon ("BNYM"); Specialized Loan Servicing LLC ("SLS"); and Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiff appeared pro se. For the following reasons, defendants' motions must be granted.[1]

---

[1] Defendants BNYM, SLS, and MERS have also filed a request for an order permitting

1

I.      Factual Background

On September 14, 2006, Chris Duenas and Maria Duenas ("Borrowers") obtained a loan in the amount of $569,600 from Countrywide Home Loans, Inc. for the purchase of real property located at 394 Paul Court, Benicia, California 94510 ("subject property"), and executed a promissory note secured by a deed of trust. ECF No. 1 ¶¶ 4-5, Exs. A, B.  The deed of trust, which was recorded on September 25, 2006, in the Solano County Recorder's Office, lists Countrywide Bank, N.A. as the Lender, Recon Trust as the Trustee, and MERS as the beneficiary and nominee for the Lender. *Id*. at Ex. B. On December 15, 2009, plaintiff entered into a 15 year lease agreement with an option to purchase the property with Mr. Duenas.  Defs. BNYM, MERS, and SLS's Req. Judicial Notice, ECF No. 7-1, Ex. 2.[2]

On October 28, 2011, MERS assigned its beneficial interest in the deed of trust to BNYM, as trustee for the Holders of Structured Asset Mortgage Investments II Trust 2006-ARS (the "Trust"). ECF No. 1 at Ex. C. The Assignment of Deed of Trust was recorded on November 8, 2011. *Id*. On March 28, 2012, the Borrowers filed a voluntary Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of California, Case No. 12-26079, and obtained an order discharging their debts on July 16, 2012. ECF No. 7-1, Ex. 3.

On October 12, 2012, BANA provided notice that SLS would be the new servicer of the loan as of November 1, 2012. ECF No. 1 ¶ 9. On November 19, 2012, SLS also provided notice that effective November 1, 2012, it was the new servicer of the loan. *Id*. ¶ 10. On August 15, 2013, an Assignment of Deed of Trust was recorded, which assigned the beneficial interest under the deed of trust to Nationstar Mortgage, LLC. ECF No. 7-1, Ex. 4. On December 24, 2013, the

/////

---

the parties to engage in discovery prior to the initial scheduling conference. ECF No. 29. In light of the recommendation that this action be dismissed with prejudice, the request is denied.

[2] Defendants' motions are accompanied by requests for judicial notice. ECF Nos. 7-1, 16. The requests include documents regarding the deed of trust, a lease agreement, assignments of the deed of trust, and court documents from the Borrowers' bankruptcy action. All documents are publically recorded documents or court records. Since the documents are matters of public record and not subject to reasonable dispute, they are subject to judicial notice. *See* Fed. R. Evid. 201(b). Accordingly, defendants' requests for judicial notice are granted.

Borrowers executed a Quitclaim Deed, transferring their interest in the subject property to plaintiff. *Id.* at Ex. 5, ECF No. 16-1 at 2.

II.     Motion to Dismiss

     A. Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

1 facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986).

B. <u>Discussion</u>

Plaintiff's complaint asserts the following claims for relief: (1) quiet title, (2) cancellation of instrument, (3) fraud, (4) unjust enrichment, and (5) declaratory relief. Each claim is asserted against all defendants, with the exception of plaintiff's fraud claim, which is only alleged against SLS. *See* ECF No. 1. The gravamen of plaintiff's complaint is that defendants have no interest in the subject property and therefore may not seek to foreclose on the subject property because the October 28, 2011 assignment of the deed of trust from MERS to BNYM was invalid.

First, plaintiff claims that the assignment of the deed of trust to BNYM, which was recorded on November 8, 2011, is void because the subject loan was improperly securitized. Accordingly to plaintiff, the loan was securitized and sold to BNYM, as trustee for the Trust. ECF No. 1 ¶ 28; *see also id*. Ex. C. The pooling and servicing agreement ("PSA") that governs the trust contained a closing date of October 31, 2006. *Id*. ¶¶ 28. However, because the assignment was made after the closing date, plaintiff contends that the loan was not part of the Trust and therefore the assignment was invalid. ECF No. 1 ¶¶ 28, 47. Plaintiff also alleges that the assignment of the deed of trust from MERS to BNYM was invalid because MERS lacked the authority to execute the assignment as it "did not hold the full beneficial interest or any beneficial interest in the property." *Id*. ¶ 33.[3] Plaintiff states that he "brings this action against MERS and

---

[3] In his opposition, plaintiff claims that the "complaint does not challenge the Assignment of Deed of Trust dated November 8, 2011, based on alleged noncompliance with the PSA . . . . Rather, plaintiff challenges the authority of the defendants and specifically MERS, to assign or transfer the original DOT." ECF No. 21 at 18. This contention directly contradicts the

asks this defendant to demonstrate how it could be in a position to hold and convey the full beneficial interest in the original deed of trust, the assignment, and the note, when it had no ownership interest in the note, the statute of frauds had been ignored, and it could not prove the full beneficial transfer of ownership . . . ." *Id.* ¶ 41. Plaintiff further requests that each defendant "prove that it is entitled to payments made on the note for their own use." *Id.* ¶ 42.

Defendants move to dismiss plaintiff's claims, arguing that he lacks standing to assert his claims. ECF No. 7 at 13-15; ECF No. 15 at 7-9. Defendants further argue that even if plaintiff has standing to assert his claims, the complaint should still be dismissed because plaintiff has failed to allege sufficient facts to state a claim for relief. ECF No. 7 at 16-25; ECF No. 15 at 11-14.

"District courts have held that borrowers who were not parties to the assignment of their deed-and whose rights were not affected by it-lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment" *Marques v. Federal Home Loan Mortg. Corp.*, No. 12–cv–1873, 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6, 2012); *see also Siliga v. Mortg. Elec. Reg. Sys., Inc.*, 219 Cal.App.4th 75, 85 (2013) ("The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment."); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 514–15 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. Furthermore, even if any

---

allegations in the complaint, which specifically state that the assignment was void because it was made after the Trust's closing date. *See* ECF No. 1 at ¶ 28. Further, at the hearing on defendants' motions plaintiff argued he had standing to challenge the assignment of the deed of trust based on a violation of the pooling and servicing agreement. Accordingly, the court addresses the standing issue.

subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged.") (citations omitted); *cf. Murphy v. Allstate Ins. Co.*, 17 Cal.3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others . . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler.").

Plaintiff contends, however, that he has standing to challenge the assignment of the deed of trust under the California Appellate Court's holding in *Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079 (2013). ECF No. 20 at 15. In *Glaski*, the appellate court held that a borrower

> may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust (which formed under New York law) occurred after the trust's closing date. Transfers that violate the terms of the trust instrument are void under New York law, and borrowers have standing to challenge void assignments of their loans.

*Id*. at 1083.

The holding in *Glaski* has been consistently rejected by California courts as well as by district courts. *See, e.g., Apostol v. CitiMortgage, Inc.*, Case No. 13–cv–1983, 2013 WL 6328256, at *7 (N.D. Cal. Nov. 21, 2013) ("Moreover, courts in this District have expressly rejected *Glaski* and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process."); *Newman v. Bank of New York Mellon*, No. 1:12–CV–1629 AWI GSA, 2013 WL 5603316, at *3 (E.D. Cal. Oct. 11, 2013) ("However, no courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule."). This court will adhere to the clear majority of cases rejecting *Glaski* and therefore finds that plaintiff, who was not a party to the assignment, does not have standing to challenge its validity based on an alleged violation of the Trust's PSA.

/////

/////

1  Plaintiff next argues that the assignment of the deed of trust from MERS to BNYM was
2 invalid because MERS lacked the authority to assign the deed of trust. ECF No. 21 at 18.
3 Plaintiff is mistaken. California courts have recognized that MERS, as a nominee and beneficiary
4 under a deed trust, has the authority to transfer its interest in the deed of trust. *See Lane v. Vitek*
5 *Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("MERS has standing to
6 foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its
7 beneficial interest to another party."); *Siliga v. Mortgage Electronic Registration System, Inc.*,
8 219 Cal.App.4th 75, 83-84 (2nd Dist. 2013) ("The authority to exercise all of the rights and
9 interests of the lender necessarily includes the authority to assign the deed of trust."); *Herrera v.*
10 *Federal Nat'l Mortg. Assn.*, 205 Cal.App.4th 1495 (4th Dist. 2012)

11  Here, the deed of trust provides that "MERS is a separate corporation that is acting solely
12 as a nominee for Lender (Countrywide) and Lender's successors and assigns. MERS is the
13 beneficiary under this Security Instrument." ECF No. 1 at 29. The deed of trust further states,
14 "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and
15 Lender's successors and assigns) and the successors and assigns of MERS." *Id*. at 30. It further
16 provides that "Borrower understands and agrees that MERS holds only legal title to the interests
17 granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom,
18 MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any
19 or all of those interests, including, but not limited to, the right to foreclose and sell the Property,
20 and to take any action required of Lender including, but not limited to, releasing and canceling
21 this Security Instrument." *Id*. at 30-31.

22  This language is sufficient to convey to MERS the authority to assign the deed of trust.
23 *See Siliga*, 219 Cal.App.4th at 83-84 (finding that language nearly identical to that contained in
24 the deed of trust at issue in this case was sufficient to confer to MERS, as nominee, the authority
25 to assign the deed of trust and note). Accordingly, contrary to plaintiff's contention, MERS was
26 authorized to assign the deed of trust to BNYM.
27 /////
28 /////

1      Turning to plaintiff's specific claims, it is clear that plaintiff lacks standing to assert his
2 first (quiet title), second (cancelation of instrument), and fourth (unjust enrichment) claims for
3 relief, which rely on his contention that the deed of trust was improperly assigned by MERS. *See*
4 ECF No. 1 at 12 (alleging in regards to his quiet titled claim that defendants do not have any
5 interest in the deed of trust and note), 13 (alleging that because the trust closed prior to the
6 assignment of the deed of trust, the assignment is null and void), and 15 (alleging that retention of
7 the subject property by defendants as a result of the assignment of the deed of trust would be
8 inequitable and constitute unjust enrichment). As plaintiff lacks standing to challenge the
9 assignment, these claims must be dismissed without leave to amend.

10     Plaintiff's claim for fraud is alleged solely against SLS, and arguably does not rely on his
11 challenge to the assignment of the deed of trust. ECF No. 1 at 14.[4] However, plaintiff's fraud
12 claim nevertheless fails because plaintiff has failed to allege all the elements for fraud. The
13 elements of a fraud claim under California law are: "(1) a misrepresentation, (2) with knowledge
14 of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4)
15 justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of Cal.*, 45 Cal.4th
16 1244, 1255 (2009). Furthermore, "a plaintiff may not generally maintain an action for fraud
17 unless plaintiff was the person to whom the alleged misrepresentations were directed." *Maddux*
18 *v. Philadelphia Life Ins.*, 77 F. Supp. 2d 1123, 1131-32 (S.D. Cal. 1999) (citing *Pulver v. Avco*
19 *Financial Service*, 182 Cal.App.3d 622, 640 (1986)).

20     Here, plaintiff alleges that defendant SLS fraudulently represented to be both the loan
21 servicing company and the creditor. ECF No. 1 ¶ 53. Specifically, plaintiff claims that on
22 November 19, 2012, SLS stated that it was the current lender of the loan. *Id*. ¶ 10. Plaintiff also
23 claims that "[o]n March 17, 2013, SLS claimed to be the current creditor to whom the loan was

---

[4] Plaintiff's fraud claim, however, could also reasonably be interpreted to rely on his claim that the assignment of the deed of trust was invalid. For instance, in relation to his fraud claim plaintiff alleges that BNYM "is not a creditor/owner of the mortgage," ECF No. 1 ¶ 53, and that "neither SLS nor [BNYM] had the right to claim default and institute foreclosure actions . . . or the right to receive mortgage payments on the debt/loan," *id*. ¶ 55. However, construing the complaint in the light most favorable to plaintiff, plaintiff's fraud claim is not dependent on his challenge to the assignment of the deed of trust.

1  owed." *Id*. ¶ 12. Plaintiff contends that SLS made such representation with the intent that
2  plaintiff and the borrowers would rely upon such representations. *Id*. ¶ 54.

3        Even assuming misrepresentations were made by SLS, plaintiff cannot show that any
4  misrepresentations were directed towards him, as the complaint specifically alleges that plaintiff
5  received an interest in the subject property by way of quitclaim deed on December 12, 2013, after
6  the date the representations were made. *Id*. ¶ 18. Further, at the hearing on defendants' motions
7  to dismiss, plaintiff conceded that SLS's alleged misrepresentations were made to the Borrowers
8  and that he had no interest in the property at the time the statements were made. Because
9  amendment would be futile, plaintiff's fraud claim should be dismissed without leave to amend.
10 *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a
11 pro se plaintiff to amend, leave to amend should be granted where it appears amendment would
12 be futile).

13       Plaintiff's remaining claim is for declaratory relief. Plaintiff seeks an order finding that
14 "defendants have no lawful claims against the property by removing these clouds and false claims
15 of ownership to the original deed of trust and Note . . . ." ECF No. 1 ¶ 71.

16       Declaratory relief is a remedy, not an independent cause of action. *See e.g., Morongo*
17 *Band of Mission Indians v. California State Board of Equalization*, 849 F.2d 1197, 1201 (9th Cir.
18 1988) ("The Declaratory Judgment Act merely creates a remedy in cases otherwise within the
19 court's jurisdiction; it does not constitute an independent basis for jurisdiction."). The declaratory
20 relief plaintiff seeks is commensurate with the relief sought through his other causes of action and
21 entitlement to such relief depends on the outcome of those claims. Thus, plaintiff's declaratory
22 relief claim is duplicative and unnecessary. *See Permpoon v. Wells Fargo Bank Nat. Ass'n*, 2009
23 WL 3214321, at *5 (S.D. Cal. Sep. 29, 2009). Accordingly, plaintiff's claim for declaratory relief
24 as an independent cause of action must also be dismissed without leave to amend.

25 III.    Conclusion
26       Accordingly, it is hereby ORDERED that:
27       1. Defendants BNYM, SLS, and MERS's request for an order permitting early discovery,
28 ECF No. 29, is denied; and

    2. Defendants' requests for judicial notice, ECF Nos. 7-1, 16, are granted.

Further, it is RECOMMENDED that:

    1. Defendants' motions to dismiss, ECF Nos. 7, 15, be granted;

    2. The complaint be dismissed without leave to amend; and

    3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any part may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 17, 2015.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE