UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH J. PONTHIEUX, | No. 2:14-CV-00412-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| BANK OF AMERICA, et al., | |
| Defendants. | |

Plaintiff Keith J. Ponthieux, proceeding without representation, moves to amend this court's judgment dismissing his complaint without leave to amend. Mot. Am. J., ECF No. 39. The defendants, Bank of America, N.A. (BANA), the Bank of New York Mellon (BNYM), Mortgage Electronic Registration Systems, Inc. (MERS)[1] and Specialized Loan Servicing, LLC, each oppose the motion, and Mr. Ponthieux has replied. After considering the parties' briefing, the court determined the matter was appropriate for resolution without hearing. The motion is denied for the reasons set forth below.

---

[1] MERS is erroneously sued as "Mortgage Electronic Registration, Inc."

1

I.     BACKGROUND

The magistrate judge's order and findings and recommendations detail the complaint's allegations.  *See* Order F. & Rs. 2–3, ECF No. 32.  In short, by quitclaim deed executed in December 2013, Mr. Ponthieux claims an interest in real property located at 394 Paul Court, Benicia, California 94510.  Compl. ¶¶ 1, 2, 18.  He alleges the defendants cannot prove they have an interest in the same property, *see id.* ¶¶ 18–34, and seeks quiet title, declaratory judgment, an injunction, and damages, *see id.* at 17–18.

Soon after he filed his complaint, the defendants filed motions to dismiss, ECF Nos. 7, 15, for which the assigned magistrate judge received briefing and held a hearing on May 14, 2014, *see* Opp'ns, ECF Nos. 20, 21; Replies, ECF Nos. 22, 23; Hr'g Minutes, ECF No. 24. On March 27, 2015, the magistrate judge issued an order and recommended the motions be granted and the action be dismissed without leave to amend.  Order F. & Rs., ECF No. 32.  Mr. Ponthieux filed objections, ECF No. 35, and several defendants filed a response, ECF No. 36.  On March 30, 2015, the undersigned issued an order adopting the findings and recommendations in full and dismissing the complaint without leave to amend.  ECF No. 37.  Judgment was entered the same day.  ECF No. 38.  Mr. Ponthieux filed the current motion on April 24, 2015.  ECF No. 39.  The defendants filed oppositions, BNYM Opp'n, ECF No. 44; BANA Opp'n, ECF No. 45, and Mr. Ponthieux replied, ECF No. 49.

II.    DISCUSSION

Federal Rule of Civil Procedure 59(e) allows "[a] motion to alter or amend a judgment [to] be filed no later than 28 days after the entry of the judgment."  An amendment or alteration under Rule 59(e) is an "extraordinary remedy" to be employed sparingly, *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (citation and quotation marks omitted)), in only "highly unusual circumstances," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).[2]  Frequent use would undermine "the interests of finality and conservation of judicial resources."  *Id.* (citation and quotation marks omitted).

---

[2] The court recognizes lower court decisions calling *Kona Enterprises* into question on other, unrelated grounds.  *See, e.g.*, *Archer v. Silver State Helicopters, LLC*, No. 06-1229, 2007 WL

The text of Rule 59(e) neither lists nor limits the grounds on which a court may grant a motion to alter or amend a judgment, and the Ninth Circuit has concluded a "district court enjoys considerable discretion" when faced with such a motion. *McDowell*, 197 F.3d at 1255 n.1 (citation and quotation marks omitted)). The Ninth Circuit has defined four "basic grounds" for relief: (1) "to correct manifest errors of law or fact upon which the judgment rests"; (2) "to present newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) if "justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Other justifications may arise from case to case, *see id.*, but controlling precedent leaves no doubt "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890 (emphasis in original).

Here, Mr. Ponthieux filed his motion within the applicable 28-day period, making two arguments. First, he contends judgment was entered without appropriate consideration of a bankruptcy discharge that preceded execution of the quitclaim deed. *See* Mot. Am. at 3–4. Second, he cites *In re Veal*, a 2011 Ninth Circuit decision, to undergird his position that "non-bankruptcy law . . . impose[s] an affirmative duty of proof of any rights on any party claiming to be the creditor from any purported assignment(s)." *Id.* at 4–6 (emphasis omitted) (citing 480 B.R. 897 (9th Cir. 2011)). These are each arguments he could reasonably have raised before judgment was entered, either in opposition to the defendants' motions or in objections to the magistrate judge's findings and recommendations.

The court recognizes Mr. Ponthieux is proceeding pro se in this litigation. Pro se litigants often lack the experience of counsel and cannot always be expected to conform their motions to arcane civil rules. For this reason, the pleadings of pro se litigants are construed liberally and are held to less stringent standards than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But this same category of litigants is held to the rules of procedure, which provide the essential "ground rules" for maintaining an action in federal

---

4258237, at *2 (S.D. Cal. Dec. 3, 2007).

3

court. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [a litigant] is expected to abide by the rules of the court in which he litigates."); *see also* E.D. Cal. L.R. 183(a). Mr. Ponthieux's briefing demonstrates his understanding of civil procedure, and he can reasonably be expected to have raised each of the arguments he identifies only now, before judgment was entered. In any event, he has alerted the court to no new evidence, new law, clear error, or manifest injustice.

III.     CONCLUSION

        The motion is DENIED.

        IT IS SO ORDERED.

DATED: July 23, 2015.

_____
UNITED STATES DISTRICT JUDGE